UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JONATHAN PAYTON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-1553** |
| **NEW ORLEANS MARRIOTT ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are Defendants Marriott International, Inc. and Starbucks Corporation's Motion to Dismiss (Doc. 9) and Defendant New Orleans Marriott's Motion to Dismiss (Doc. 13). For the following reasons, the Motions are **GRANTED**.

## BACKGROUND

Plaintiff Jonathan Payton filed this *pro se* action on July 29, 2025. Plaintiff's Complaint alleges the following, in its entirety:

> Starbucks employee refused to give a cup of water after placing an [sic] breakfast order inside the coffee shop. After requesting management, the Director of Security came down and accosted me while pushing me outside the restaurant. He proceeded to state that I wasn't a customer and was trespassing. He continued by calling the authorities, first the port authority police, and second the New Orleans Police while making false claims that I was on private property and didn't purchase anything. I told security and

1

other Marriott employees that I was a customer and had proof via receipt.[1]

Plaintiff indicates that the incident occurred on June 20, 2022. Plaintiff names the New Orleans Marriott Warehouse Arts District; Marriott International Inc.; and Starbucks Corporation as defendants.[2]

Defendants have filed two identical Motions to Dismiss, alleging that Plaintiff's claims are time-barred. Plaintiff has not opposed. The Court may not, however, grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[3] Accordingly, the Court considers Defendants' motions on their merits.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[4] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw

---

[1] Doc. 1.

[2] Although Plaintiff's Complaint does not indicate the basis for jurisdiction, it is labeled as a "Complaint for Violation of Civil Rights." Viewing Plaintiff's claims in a light most favorable to Plaintiff, the Court finds that it has federal question jurisdiction pursuant to 42 U.S.C. § 1983.

[3] *See, e.g.,* Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).

[4] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[5] *Id.*

all reasonable inferences in the plaintiff's favor."[6] The court need not, however, accept as true legal conclusions couched as factual allegations.[7] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[9] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[10]

## LAW AND ANALYSIS

Although Plaintiff does not indicate a legal basis for his claims, the Court assumes based on the title of the filing as a "Complaint for Violation of Civil Rights" that Plaintiff intends to bring a claim under 42 U.S.C. § 1983. Defendants argue that Plaintiff's claims are time-barred because the incident at issue occurred on June 20, 2022 and Plaintiff did not file suit until July 29, 2025. "Section 1983 does not prescribe a statute of limitations. Instead, '[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.'"[11] At the time of the incident, the limitations period for personal injury claims in

---

[6] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[7] *Iqbal*, 556 U.S. at 678.
[8] *Id.*
[9] *Lormand*, 565 F.3d at 255–57.
[10] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[11] Heilman v. City of Beaumont, 638 F. App'x 363, 366 (5th Cir. 2016) (quoting Piotrowski v. City of Hous., 237 F.3d 567, 576 (5th Cir. 2001)).

Louisiana was one year.[12] "The prescriptive period commences when the aggrieved party either has knowledge of the violation or notice of the facts which, in the exercise of due diligence, would have led to actual knowledge thereof."[13] As a direct participant in the June 20, 2022 incident, Plaintiff had knowledge of the alleged violation on that date. Accordingly, Plaintiff had until June 20, 2023 to file his claim. Plaintiff's claim is therefore time-barred on its face. Plaintiff has not offered any evidence suggesting otherwise.

## CONCLUSION

For the foregoing reasons, the Motions are **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 15th day of January, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[12] LA. CIV. CODE art. 3492 (repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024); *see* Brown v. Pouncy, 93 F.4th 331 (5th Cir. 2024) (holding that Louisiana's residual one-year prescriptive period for personal injury claims applied in § 1983 excessive force action against sheriff's deputies).

[13] Matherne v. Houma Police Dep't, No. CV 24-1561, 2026 WL 60361, at *5 (E.D. La. Jan. 8, 2026).